IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSCAR DEAN CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-595-HE |
| | ) |
| MEDICAL ADMINISTRATOR | ) |
| HALVERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON**
**REQUEST FOR A PRELIMINARY INJUNCTION**

The Plaintiff has requested a preliminary injunction,[1] requiring prison officials to "quit making threats" and "ignoring his medical need[s]."[2] The Court should deny the request.

A preliminary injunction is an extraordinary remedy.[3] To obtain such relief, Mr. Campbell must prove:

- a substantial likelihood that he will prevail on the merits,

- irreparable harm unless the injunction is issued,

---

[1]    Mr. Campbell entitled his request as a motion for a temporary restraining order. *See* Order for Cause for a Temporary Restraining Order Against Defendants (Aug. 14, 2006). But because defense counsel obtained notice, the Court has treated the motion as a request for a preliminary injunction. *See* Order (Aug. 21, 2006); *see also TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) ("Because Defendants received notice and Plaintiffs' application for a temporary restraining order is before the Court following an evidentiary hearing . . ., in which hearing all parties participated, the Court will treat Plaintiffs' application for a temporary restraining order as a motion for a preliminary injunction, that is, subject to those standards that must be met for issuance of a preliminary injunction.").

[2]    Order for Cause for a Temporary Restraining Order Against Defendants (Aug. 14, 2006).

[3]    *See Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

- the harm to Mr. Campbell outweighs any harm the injunction would cause the defendants, and

- the absence of an adverse impact on the public interest.[4]

The undersigned is contemporaneously recommending dismissal of all of the Plaintiff's claims for nonexhaustion of administrative remedies. Because the Plaintiff failed to exhaust administrative remedies, he cannot show a substantial likelihood that he will prevail. Thus, the motion for a preliminary injunction should be denied.[5]

The parties can object to this report and recommendation. To do so, one must file an objection with the Clerk of this Court. The deadline for objections is March 8, 2007.[6] The failure to timely object would foreclose appellate review of the suggested ruling.[7]

The referral to the undersigned is terminated.

Entered this 16th day of February, 2007.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[4]     *See Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[5]     *See Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998) (affirming the district court's denial of a preliminary injunction when the plaintiff lacked a substantial likelihood of success on the merits).

[6]     *See* W.D. Okla. LCvR 72.1(a).

[7]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").